UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KIMBERLY MCCLELLAN and LAURA LOVELESS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SFN GROUP, INC., SFN PROFESSIONAL SERVICES, LLC, and SPHERION ATLANTIC ENTERPRISES, LLC, all doing business as SPHERION, and SPHERION, a business form unknown, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: C 10-5972 SBA<br><br>**ORDER DENYING REQUEST TO MODIFY CASE MANAGEMENT SCHEDULING ORDER**<br><br>Dkt. 32 |

The parties are presently before the Court on the parties' stipulated request to modify the Court's case management scheduling order. Specifically, they request to (1) continue the deadline to complete mediation from January 15, 2012 to April 2, 2012, and (2) continue the hearing date on Plaintiffs' class certification motion from March 27, 2012 to September 25, 2012. Dkt. 34. In their stipulation, the parties state that due to the "recent[]" purchase of SFN Group "by another company," SFN Group's "corporate and reporting structure … is in the process of being determined in light of this purchase, and will be resolved by early 2012." Id.

The procedure for submitting a stipulation to modify a court-ordered deadline is governed by Civil Local Rule 6-2, which provides:

> **6-2. Stipulated Request for Order Changing Time**
>
> **(a) Form and Content**. The parties may file a stipulation, conforming to Civil L.R. 7-12, requesting an order changing time that would affect the date of an event or deadline already fixed by Court order, or that would accelerate or extend time

> frames set in the Local Rules or in the Federal Rules. The stipulated request must be accompanied by a declaration that:
>> (1) Sets forth with particularity, the reasons for the requested enlargement or shortening of time;
>>
>> (2) Discloses all previous time modifications in the case, whether by stipulation or Court order; and
>>
>> (3) Describes the effect the requested time modification would have on the schedule for the case.
>
> **(b) Action by the Court**. After receiving a stipulated request under this Rule, the Judge may grant, deny or modify the requested time change.

Civ. L.R. 6-2. A request to modify a deadline set in a case management scheduling order must be accompanied by a showing of good cause. Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Where the moving party has not been diligent, the inquiry ends and the motion should be denied. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.2002); Johnson, 975 F.2d at 609.

In the instant case, there is no declaration accompanying the stipulation, as required by Civil Local Rule 6-2(a). Nor is the information that should have been presented in such declaration contained in the stipulation. First, the stipulation fails to recite the specific reasons that the proposed extensions are necessary. In particular, the parties fail to explain how the change in "reporting structure" as to one of the Defendants necessarily precludes either the mediation or class certification motion from proceeding *next year* as scheduled. Second, the stipulation fails to disclose that the Court previously granted the parties' request to modify the pretrial scheduling order and extended the mediation deadline by four months and continued the motion hearing by approximately two months. Dkt. 33. Finally, the parties neglect to articulate the effect of the proposed stipulation on the schedule for this case. The parties' failure to comply with Local Rule 6-2, standing alone, justifies denial of the instant request. See Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with the court's local rules). That notwithstanding, the Court finds that the parties have

failed to demonstrate good cause for their request.  Plaintiffs commenced this case over a year ago on November 24, 2010.  Since that time, the parties have had ample opportunity to prepare for mediation and class certification.  As such, the Court finds that the parties' allege need for additional time is due to their lack of diligence.  See Johnson, 975 F.2d at 609 (holding that if the district court finds that the party seeking a time modification "was not diligent, the inquiry should end.").  Accordingly,

IT IS HEREBY ORDERED THAT the parties' stipulation to modify the Court's case management scheduling order is DENIED.

IT IS SO ORDERED.

Dated:  December 5, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge