UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KIMBERLY MCCLELLAN and LAURA LOVELESS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SFN GROUP, INC., SFN PROFESSIONAL SERVICES, LLC, and SPHERION ATLANTIC ENTERPRISES, LLC, all doing business as SPHERION, and SPHERION, a business form unknown, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: C 10-5972 SBA<br><br>**ORDER GRANTING IN PART JOINT REQUEST TO MODIFY CASE MANAGEMENT SCHEDULING ORDER**<br><br>Dkt. 32 |

The parties are presently before the Court on a Joint Motion for Leave to File Motion for Reconsideration of Order Denying Request to Modify Scheduling Order. Dkt. 36. For the reasons that follow, the motion is GRANTED IN PART.

On November 29, 2011, the parties submitted a stipulation to (1) continue the deadline to complete mediation from January 15, 2012 to April 2, 2012, and (2) continue the hearing date on Plaintiffs' class certification motion from March 27, 2012 to September 25, 2012. Dkt. 34. In their stipulation, the parties stated that due to the "recent[]" purchase of SFN Group "by another company," SFN Group's "corporate and reporting structure … is in the process of being determined in light of this purchase, and will be resolved by early 2012." Id.

On December 6, 2011, the Court denied the parties' request. Dkt. 35. Aside from the parties' failure to comply with the procedural requirements of Local Rule 6-2, the Court found that the parties failed to demonstrate "good cause" for modifying the Court's pretrial

scheduling order.  See Fed. R. Civ. P. 16(b)(4).  Among other things, the Court found that the parties had failed to recite the specific reasons that the proposed extensions were necessary, including an explanation of how the change in "reporting structure" as to one of the Defendants necessarily precluded either the mediation or class certification motion from proceeding in January 2012, as scheduled.  In addition, the Court pointed out that the parties have had ample opportunity to prepare for the mediation and for class certification, given that the case has been pending since November 24, 2010.

In their present motion for leave to file a motion for reconsideration, the parties contend that after they submitted their previous stipulation, they learned of new information bearing upon their request for a continuance.  Specifically, the parties claim that Randstad Holding N.V. ("Ranstad") recently purchased Defendant SFN Group, Inc (aka "Spherion"), and that Randstad is in the process of reorganizing Spherion's in-house legal department.  The reorganization supposedly will not be completed until sometime in January 2012, and that, in the interim, Ranstad has reduced or eliminated Spherion's in-house legal counsel's settlement authority.  See Oppenheer Decl. ¶¶ 4-6.  As a result of Ranstad's actions, Spherion claims that it will not be in a position to participate in the mediation scheduled for January 12, 2012.

The Court is not persuaded by the parties' proffer in support of their motion for leave to file a motion for reconsideration.  The claimed inability of Spherion to participate in the mediation on January 12, 2012 is not due to any unforeseen event beyond the control of the parties.  To the contrary, it is a direct result of Spherion's new owner's decision to reorganize the company's in-house legal department and strip them of their authority to resolve pending lawsuits.  Notably, such decision was made after the Court had already granted the parties' first request to extend the deadline for mediation to January 15, 2012 based on the then recent purchase of Spherion by Ranstad.  Dkt. 32, 33.  Moreover, the "new" information provided by the parties does not address the proposed continuance of the hearing on Plaintiff's anticipated motion for class certification.

The above notwithstanding, the Court will grant the parties a <u>brief</u> extension of the deadline to complete mediation.  Spherion states that the Ranstad's reorganization of its in-house legal department should be completed by January 1, 2012.  Therefore, a continuance of the deadline to complete mediation to February 15, 2012 should afford Spherion sufficient time to prepare for and participate in mediation.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. The parties Joint Motion for Leave to File Motion for Reconsideration of Order Denying Request to Modify Scheduling Order is GRANTED IN PART.  The Court reconsiders its Order of December 6, 2011, as set forth below.

2. The deadline to complete mediation is CONTINUED from January 15, 2012 to February 15, 2012.

3. The following briefing schedule shall apply to any motion for class certification, motion to decertify and/or motion to strike:

   a. Motion due by April 17, 2012;

   b. Opposition due by May 8, 2012;

   c. Reply due by May 15, 2012.

Absent prior leave of court, the moving and opposition papers shall not exceed fifteen (15) pages in length and any reply shall not exceed ten (10) pages in length.

4. The hearing on the above matter(s) shall take place on **June 12, 2012 at 1:00 p.m.**  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court, in its discretion, may resolve the motion(s) without oral argument.  The parties are advised to check the Court's website to determine whether a court appearance is required.

5. The parties shall appear for a telephonic Case Management Conference on **July 11, 2012 at 2:30 p.m.**  Prior to the date scheduled for the conference, the parties shall meet and confer and prepare a joint Case Management Conference Statement which complies with the Standing Order for All Judges of the Northern District of California and the Standing Orders of this Court.  Plaintiffs shall assume responsibility for filing the joint

| | |
|---|---|
| 1 | statement no less than seven (7) days prior to the conference date.  Plaintiffs' counsel is to |
| 2 | set up the conference call with all the parties on the line and call chambers at (510) 637- |
| 3 | 3559.  NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR |
| 4 | AUTHORIZATION OF THE COURT. |

6. The Court will not consider any further requests to modify the deadlines to complete mediation or for briefing on the motion for class certification.

7. This Order terminates Docket 36.

IT IS SO ORDERED.

Dated:  December 27, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 4 -