1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
   MICHAEL L. GALLION, Cal. Bar No. 189128
3  mgallion@sheppardmullin.com
   DAVID T. VAN PELT, Cal. Bar No. 163690
4  dvanpelt@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
5  Los Angeles, California  90067-6017
   Telephone:    310-228-3700
6  Facsimile:     310-228-3701

7  Attorneys for Defendants
   SFN GROUP, INC., and SFN PROFESSIONAL
8  SERVICES LLC

9  LAW OFFICE OF RANDALL CRANE
   RANDALL CRANE, Cal. Bar No. 56806
10 rcrane@crane4law.com
   LEONARD EMMA, Cal. Bar No. 224483
11 lemma@crane4law.com
   180 Grand Ave., Suite 1550
12 Oakland, California  94612
   Telephone:    510-465-4606
13 Facsimile:     510-465-4643

14 Attorneys for Plaintiffs
   KIMBERLY MCCLELLAN and LAURA
15 LOVELESS

16              UNITED STATES DISTRICT COURT

17          FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 18  KIMBERLY MCCLELLAN and LAURA LOVELESS, individually and on behalf of<br>19  all others similarly situated,<br>20             Plaintiffs,<br>21       v.<br>22  SFN GROUP, INC., SFN PROFESSIONAL SERVICES, LLC, and<br>23  SPHERION ATLANTIC ENTERPRISES, LLC, all doing business as SPHERION,<br>24  and SPHERION, a business form unknown, and DOES 1 through 100,<br>25  inclusive,<br>26             Defendants. | Case No. C10-05972 SBA (DMR)<br><br>[Former Alameda Superior Court, Case No. RG10548294]<br><br>**STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER <u>AS MODIFIED</u>**<br><br>[State Complaint Filed:  11/21/2010] |

27
28
W02-WEST:2DVP1\404390166.2

Plaintiffs Kimberly McClellan and Laura Loveless ("Plaintiffs") and Defendants SFN Group, Inc., SFN Professional Services, LLC and Spherion Atlantic Enterprises LLC ("Defendants" or "Spherion") by and through their counsel of record, and pursuant to Rules 26(c) and 29(b) of the Federal Rules of Civil Procedure and Local Rules 7-12 and 79-5 hereby stipulate to a protective order protecting materials from disclosure outside this litigation, as follows:

## I. BRIEF STATEMENT OF FACTS

Plaintiff Kimberly McClellan was employed by Spherion as a Client Services Representative from approximately August 2008 to June 2010. Plaintiff Linda Loveless was employed by Spherion as a Branch Manager from approximately May 2008 to approximately June 2010. Both were classified as exempt throughout their tenure of employment. Plaintiffs bring suit claiming, *inter alia*, that they were misclassified and should have been classified as non-exempt employees. Plaintiffs bring claims for failure to pay overtime compensation, failure to provide itemized wage statements, failure to timely pay final wages and violation of California's Unfair Competition Law. Defendants contend that Plaintiffs were properly classified as exempt during the challenged time period.

In connection with this action, Plaintiffs have propounded discovery seeking documents which outline Plaintiffs' job duties, as well as other documents related to the classification of Plaintiffs as exempt. Defendants contend that some of the documents responsive to these requests may contain confidential and proprietary information related to Defendant's business operations, as well as personal information of numerous third parties who are not putative class members in the current suit. Therefore, the Parties have agreed that Defendants' proprietary information, including client contact information and personal information of Defendants' current and former employees, should be protected from disclosure outside this litigation.

/ / /

/ / /

## II.  GOOD CAUSE EXISTS FOR THE ISSUANCE OF A PROTECTIVE ORDER

Federal Rule of Civil Procedure 26(c)(1)(G) specifically authorizes the issuance of a protective order concerning the disclosure of trade secrets or other confidential information. Fed. R. Civ. Proc. 26(c)(1)(g). A protective order may be issued upon a showing of good cause. *In re Lifescan, Inc. Consumer Litig.*, 1999 U.S. Dist. LEXIS 9894, *5 (N.D. Cal. 1999). Courts generally require parties seeking a protective order to show a particular and specific need for the protection and a showing of serious harm either to business or non-business interests. *Id.*; *see also In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 101 F.R.D. 34, 41 n.7 (C.D. Cal. 1984) (holding that "Rule [26(c)(1)(G)] provides that upon a showing of good cause, a court may order that trade secrets, confidential research or other commercial information produced during discovery be protected from public disclosure" and that the "good cause requirement is met by a showing that disclosure will work a clearly defined, specific and serious injury").

In this case, Plaintiff Kimberly McClellan worked as a Client Services Representative and Plaintiff Linda Loveless worked as a Branch Manager. Defendants contend that some of the documents requested by Plaintiffs do or could reveal proprietary and confidential information, including the following which Defendant contends are proprietary and confidential: client names, client contact information, proprietary business methods, and pricing, as well as confidential information regarding third parties who are not part of the putative class (including names, bank account numbers, information regarding injuries, performance evaluations, etc.).

Defendants contend that these documents are proprietary, could constitute trade secrets and confidential information, and that the disclosure of these documents without a Protective Order could cause Defendants competitive and financial harm. Defendants contend that if Defendants' competitors were to obtain the above-described information, they may be able to emulate the systems that Defendants have put into place

1  so that Defendants contend that there is a risk that Defendants would lose a competitive
2  advantage by disclosure of some of the requested documents.  Moreover, Defendants
3  contend that disclosure of Defendants' pricing structure could significantly hinder future
4  negotiations.  Lastly, Defendants contend that public disclosure of some of the information
5  requested could reveal highly personal information regarding Defendants' employees who
6  are not putative class members.

## STIPULATED PROTECTIVE ORDER

9        Defendants SFN Group, Inc., SFN Professional Services, LLC and Spherion
10 Atlantic Enterprises LLC  and Plaintiffs Kimberly McClellan and Laura Loveless, by and
11 through their respective counsel, hereby stipulate that in order to facilitate the discovery
12 process, any confidential and proprietary information related to Defendants' business
13 operations, and confidential information regarding third parties to this lawsuit
14 ("Confidential Information") produced to Plaintiffs, shall be protected according to the
15 following terms and conditions:

16       1.    Defendants will mark or stamp such documents as it contends
17 constitute Confidential Information with an appropriate designation indicating its
18 determination that the document(s) or information should be subject to this Stipulated
19 Protective Order or, in the case of deposition testimony, indicate on the record that
20 Defendants contend that such testimony contains Confidential Information and direct the
21 court reporter to mark or stamp the cover of such transcript with an appropriate designation
22 indicating that it is subject to this Stipulated Protective Order.  If any Confidential
23 Information is used or given during the course of a deposition, that portion of the
24 deposition transcript shall be sealed and stamped confidential, and access thereto shall be
25 limited pursuant to the other terms of this Stipulated Protective Order.

26       2.    Any Confidential Information or deposition transcript, or any part
27 thereof, so designated shall not be used by Plaintiffs or their counsel, for any reason
28 outside of preparation and trial of the above-entitled action, including discovery, motions

1  and other proceedings before the court, and any and all appeals and/or retrials.  Plaintiffs
2  and their counsel agree to not disseminate any Confidential Information to any third party
3  for use in any business or commercial purpose or any other administrative or judicial
4  proceeding, unless ordered by a Court or arbitrator to do so.  Nothing contained herein
5  prevents Plaintiffs or their counsel from sharing Confidential Information with any
6  expert(s) retained for purposes of this litigation, and any appeal or retrial thereof.

7       3. Nothing contained in this Order shall be construed to prejudice the
8  rights of a party to use any Confidential Information before an arbitrator or mediator.

9       4. Confidential Information may be disclosed only to:

10      (a) Counsel for the parties hereto, and clerks, legal assistants,
11 secretaries, paralegals, investigators, and other persons or entities retained by counsel to
12 provide litigation-related services and the employees of said persons or entities;

13      (b) Experts, consultants and other independent contractors retained
14 or employed by counsel to consult with, advise or assist counsel in the preparation or trial
15 of this case;

16      (c) Representatives of the parties hereto who are responsible for
17 assisting counsel in the preparation or trial of this case;

18      (d) Persons who are being prepared by counsel to give testimony
19 at a deposition or at trial, or who are being examined by counsel at a deposition or at trial;

20      (e) Mediators or arbitrators who have been retained to assist in the
21 resolution of this case; and/or

22      (f) Court personnel, including the judge, court reporters and clerks
23 engaged in proceedings necessary to the preparation for trial or the actual trial of this
24 matter.

25      5. It is the intention of the parties that Defendants shall designate
26 responses as Confidential Information in good faith and in as limited a manner as feasible
27 in order to permit the process of discovery and court proceedings to go forward without
28 interruption. Before such designation, Defendants shall provide a statement that such

1  designation is unavoidable and could not be remedied by lesser means, including, but not
2  limited to, redaction.  Defendants shall retain an unredacted copy of all document
3  productions and will, upon reasonable request and a demonstration of good cause, either
4  produce the document without the challenged redactions or identify the basis for the
5  challenged redaction.  Moreover, if, at any time during the pendency of this action, counsel
6  for any party wishes to challenge another party's designation of documents or discovery
7  responses as containing Confidential Information, and exclude such documents and
8  discovery responses from the provisions of this Stipulated Protective Order, <u>the parties
9  shall meet and confer, and shall submit any remaining dispute(s) to Magistrate Judge Ryu
10 pursuant to the joint letter procedure described in the February 2, 2012 Notice of
11 Reference and Order Re Discovery Procedures [Docket No. 39]</u>.  ~~the party may proceed by
12 regular motion or *ex parte* application before the Court.  The burden of proof in such that
13 the contested disclosures are in fact confidential shall be born by the party contending that
14 the information is confidential.  The parties shall first meet and confer to resolve
15 informally any disputes concerning this Stipulated Protective Order before bringing any
16 such motion or application before the Court.~~  If the Court finds it appropriate, the Court
17 may examine the designated material or hear the designated testimony *in camera*.  The
18 parties are not obligated to challenge the propriety of the confidential designation, and a
19 failure to do so shall not preclude a subsequent attack on the propriety of such designation.
20         6.     With the exception of the persons identified in paragraphs 4(a) and (f)
21 above, the parties shall take appropriate measures to ensure that all persons permitted
22 access to such documents under paragraph 4 of this Stipulated Protective Order shall agree,
23 prior to reviewing such documents, to be bound by the terms and conditions hereof with
24 respect to the use of such documents, and such persons shall sign the agreement attached
25 hereto as Exhibit "A."
26         7.     All documents designated as containing Confidential Information
27 shall be kept in secure facilities.  Access to those facilities shall be permitted only to those
28 designated persons set forth in paragraph 4 of this Stipulated Protective Order.

8. Any Party filing confidential information with the Court shall follow all applicable rules and procedures, including those set forth in Local Rule 79-5.

9. Nothing in this order shall prevent counsel for the parties from referencing in support of oral or written legal arguments documents, deposition testimony or other information designated as containing Confidential Information pursuant to this Stipulated Protective Order, provided that such references do not contain quoted material from such confidential materials and, if such confidential materials are submitted to the court, such submission is made in accordance and compliance with the other provisions contained in this Stipulated Protective Order.

10. Prior to the trial of this action, counsel for the parties shall meet and confer, and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential status, if any, to be afforded any Confidential Information which may be disclosed during the course of trial.

11. Upon the final termination of this litigation, counsel for each party shall destroy all copies which have been made of, or documents prepared from such Confidential Information, and shall provide counsel (upon request) with a written statement that such documents were destroyed pursuant to this Stipulated Protective Order. Attorney-client communications, and internal memoranda subject to the attorney work product doctrine, which contain Confidential Information do not need to be destroyed, but shall be secured in a manner so as to protect against inadvertent disclosure, shall be kept strictly confidential, and shall remain subject to this Stipulated Protective Order.

12. This Order shall not prejudice the right of the parties: (a) to object to the introduction into evidence of any Confidential Information; (b) to seek additional protective treatment for any Confidential Information; (c) to object to the designation of documents as Confidential Information; or (d) to seek any modification of any provision of this Order either generally or as to any particular Confidential Information by properly noticed motion. The parties shall meet and confer regarding any dispute that refers or relates to Confidential Information prior to filing any motion.

13. Because Defendants' legal remedies may be inadequate, the parties agree that injunctive relief may be an appropriate remedy to prevent any person or party from using or disclosing Confidential Information in violation of the Order.  In the event Plaintiffs, or any other person or entity, violate or threaten to violate any of the terms of this Order, the parties agree that Defendants, with appropriate notice to Plaintiffs, may apply to the Court to obtain injunctive relief against any such persons or parties violating or threatening to violate any of the terms of this Order.  In the event that Defendants apply to the Court, the responding party, person or entity subject to the provisions of this Order shall not employ as a defense thereto a claim that Defendants possess an adequate remedy at law.  The parties and any other persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.  The parties waive and release any and all requirements for a bond or undertaking to support any injunctive relief.

14. Inadvertent disclosure of any Confidential Information during discovery, arbitration, mediation or trial of this action, or inadvertent disclosure of Confidential Information without appropriate designation, shall be without prejudice to any claim that such material is private and confidential and no party shall be held to have waived any rights of confidentiality by such inadvertent disclosure.

15. If Confidential Information is disclosed to any persons other than in the manner authorized by this stipulation, the person or party responsible for disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties without prejudice to other rights and remedies of any party and make every effort to prevent further disclosure by it or by the person who receives such information.

18. The terms of this Order shall survive, remain in full force and effect after termination of this lawsuit, and the Court shall retain jurisdiction over the parties, their attorneys and all other persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this stipulation.

Dated: January 31, 2012

          LAW OFFICE OF RANDALL CRANE

          By     /s/ RANDALL CRANE
                RANDALL CRANE
                Attorneys for Plaintiffs
                McCLELLAN and LOVELESS

Dated: January 31, 2012

          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

          By     /s/ DAVID VAN PELT
                DAVID VAN PELT
                Attorneys for Defendants
                SFN GROUP, INC. and SFN PROFESSIONAL
                SERVICES LLC

**[PROPOSED] ORDER**

PURSUANT TO THE STIPULATION, IT IS SO ORDERED AS MODIFIED.

.

Dated: February 6, 2012

          By     
                DONNA M. RYU
                United States Magistrate District Judge

*[Stamp: IT IS SO ORDERED AS MODIFIED — Judge Donna M. Ryu; Seal: United States District Court, Northern District of California]*