UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KIMBERLY MCCLELLAN and LAURA LOVELESS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SFN GROUP, INC., SFN PROFESSIONAL SERVICES, LLC, and SPHERION ATLANTIC ENTERPRISES, LLC, all doing business as SPHERION, and SPHERION, a business form unknown, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No: C 10-5972 SBA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**<br><br>Dkt. 43 |

The parties are presently before the Court on Plaintiff's unopposed Motion for Preliminary Approval of Settlement Subclass and Dismissal of Class Allegations. Dkt. 43. Having read and considered the papers filed in connection with the motion, and finding good cause therefore, the Court GRANTS preliminary approval of the proposed class action settlement. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.      BACKGROUND**

Plaintiffs Kimberly McClellan and Laura Loveless filed the instant wage and hour class action in state court on November 24, 2010. Defendants SFN Group, Inc., SFN Professional Services, LLC, and Spherion Atlantic Enterprises, LLC (collectively "Defendants") removed the action to this Court under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), on December 30, 2010. Dkt. 1.

On January 21, 2011, Plaintiffs filed a First Amended Complaint, which is the operative pleading before the Court. Dkt. 8. The First Amended Complaint alleges claims for: (1) failure to pay overtime compensation; (2) failure to provide itemized wage statements; (3) failure to timely pay final wages; and (4) violation of California's Unfair Competition Law. The pleadings allege two distinct subclasses of current and former employees of Defendants in California during the period of time commencing four years prior to the filing of the First Amended Complaint, consisting of: (1) employees who worked as Client Services Representatives ("CSR") or a similar title (such as Client Services Specialist ("CSS") or Client Services Manager ("CSM"); and (2) those employees who were responsible for managing Defendants' offices (i.e., the "Branch Managers" or "On-Premises Managers"). The claims in the First Amended Complaint were based on the allegation that both subclasses were misclassified under the California Labor Code as exempt employees.

On February 11, 2012, the parties participated in a full day mediation before Mark Rudy, Esq., a well-known employment attorney in San Francisco, California. A settlement of the case was reached on that date, as set forth in a Memorandum of Understanding and in the Stipulation of Settlement. Crane Decl. ¶ 5, Dkt. 43-1. The settlement involves two parts. First, Plaintiffs agreed to dismiss without prejudice the class allegations pertaining to the putative class of Branch Managers and On-Premises Managers.[1] Second, the parties agreed to settle the claims of the putative subclass of CSR, CSS, and CSM job classifications, involving payment to each putative class member based on the number of workweeks during which each putative class member was employed by Defendants during the class period. The total amount of the settlement is $550,000, from which attorneys' fees and costs, a $10,000 enhancement payment to Plaintiff McClellan, reasonable costs of

---

[1] Based on their investigation and discovery obtained in the case, Plaintiffs' counsel concluded that class treatment as to the Branch Managers and On-Premises Managers was inappropriate due to differences in their respective duties which depend on their job location. Crane Decl. ¶ 17. Plaintiff Loveless has also reached a settlement of her individual claims for a payment of $40,000, in exchange for a general release of claims. Id. ¶ 5.

administering the settlement, and Defendants' portion of employer payroll taxes, are to be deducted. Crane Dec. ¶ 6. Plaintiffs' counsel will seek fees in the amount of $165,000, based on 30% of the net settlement fund. Id. ¶ 12; Stipulation of Settlement ¶ 10. Plaintiffs now move for preliminary approval of the settlement. Defendants have not opposed the motion.

## II. DISCUSSION

### A. PRELIMINARY APPROVAL

Federal Rule of Civil Procedure 23(e) requires the court to determine whether a proposed settlement is "'fundamentally fair, adequate, and reasonable.'" Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003) (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." In re Syncor ERISA Litig., 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted). "The initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." Officers for Justice v. Civil Serv. Comm'n, 688 F.2d 615, 625 (9th Cir. 1982).

To make a fairness determination, the district court must balance a number of factors, including: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. See Molski v. Gleich, 318 F.3d 937, 953 (9th Cir. 2003). In conducting this evaluation, it is neither for the court to reach any ultimate conclusions regarding the merits of the dispute, nor to second guess the settlement terms. See Officers for Justice v. San Fran. Civ. Serv. Comm'n, 688 F.2d 615, 625 (9th Cir. 1982).

Given that some of the aforementioned "fairness" factors cannot be fully assessed until the Court conducts the final approval hearing, "a full fairness analysis is unnecessary at this stage." Alberto v. GMRI, Inc., 252 F.R.D. 652, 665 (E.D. Cal. 2008) (internal

quotations and citation omitted). Rather, preliminary approval of a settlement and notice to the proposed class is appropriate: if "[1] the proposed settlement appears to be the product of serious, informed, noncollusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with the range of possible approval...." In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citing Manual for Complex Litigation, Second § 30.44 (1985)).

The factors set forth In re Tableware Antitrust Litigation weigh in favor of preliminarily approving the settlement. First, the settlement resulted from non-collusive negotiations; i.e., a private mediation with a mediator experienced in wage and hour class actions. Second, there are no obvious deficiencies. Crane Decl. ¶ 5. To the contrary, the settlement confers tangible monetary benefits to the class—namely, an estimated net settlement fund of at least $350,000 that will be distributed to approximately 95 individuals. Id. ¶ 15. Finally, there is no indication that the settlement improperly grants preferential treatment to class representatives or segments of the class.[2] Finally, based on its experience with similar wage and hour actions, the Court finds that the settlement appears to fall within the range of possible approval.

The above notwithstanding, the Court has some concern regarding Plaintiffs' anticipated request for attorneys' fees based on 30% of the net settlement fund in light of the fact that the benchmark for such an award is 25%. See In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011). Similarly, Plaintiffs' request for a $10,000 incentive award is double the amount which this Court has determined is presumptively reasonable. See e.g., Jacobs v. California State Auto. Ass'n Inter-Ins. Bureau, 2009 WL 3562871, *5 (N.D. Cal. Oct. 27, 2009) (rejecting a requested $25,000 incentive payment as

---

[2] Although Plaintiff Loveless individually settled her claims for $40,000, there is no indication such settlement negatively affected the amount of the class settlement. Nonetheless, the Court has some concern regarding the disparity between that amount, and the amounts likely to be received by the individual class members. In their motion for final approval, Plaintiffs shall provide an explanation for this apparent disparity.

"quite high for this district, in which a $5,000 payment is presumptively reasonable"). Despite these concerns, the Court need not resolve the matter at the preliminary approval stage, since both requests will be finally determined at the fairness hearing. However, Plaintiffs should be mindful of addressing these issues in connection with their motions for attorneys' fees and for final approval.

### B. CONDITIONAL CLASS CERTIFICATION

Plaintiffs next seek conditional certification of a settlement class under Rule 23(a) and (b)(3). A class action will only be certified if it meets the four prerequisites identified in Federal Rule of Civil Procedure 23(a) *and* additionally fits within one of the three subdivisions of Federal Rule of Civil Procedure 23(b). Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997). "The four requirements of Rule 23(a) are commonly referred to as 'numerosity,' 'commonality,' 'typicality,' and 'adequacy of representation' (or just 'adequacy'), respectively." United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co., 593 F.3d 802, 806 (9th Cir. 2010). Certification under Rule 23(b)(3) is appropriate where there are common questions of law or fact predominate and class resolution is superior to other available methods. Fed. R. Civ. P. 23(b)(3). Although a district court has discretion in determining whether the moving party has satisfied each Rule 23 requirement, the court must conduct a rigorous inquiry before certifying a class. Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1977); Ellis v. Costco Wholesale Corp., 657 F.3d 970, 981 (9th Cir. 2011).

The requirements for class certification are satisfied based on the record presented. First, Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ.P. 23(a)(1). The class also must be "ascertainable." Mazur v. eBay Inc., 257 F.R.D. 563, 567 (N.D. Cal. 2009). Here, Defendants' records establish that there are close to 100 class members. Crane Decl. ¶ 23. This is sufficient to satisfy Rule 23's numerosity and ascertainability requirements. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir.1998) ("The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'") (quoting in part Rule 23(a)(1)).

Second, "[c]ommonality focuses on the relationship of common facts and legal issues among class members." Id. Rule 23(a)(2) should be construed permissively, meaning that "[a]ll questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Id. (quoting Hanlon, 150 F.3d at 1019). In the instant case, the issues facing the class arise from common questions involving whether Defendants' policies violate the California Labor Code. This is sufficient to satisfy the commonality requirement. See Dilts v. Penske Logistics, LLC, 267 F.R.D. 625, 633 (S.D. Cal. 2010) ("Plaintiffs have identified common factual questions, such as whether Defendants' policies deprived the putative class members of meal periods, rest periods, overtime pay, and reimbursement for installation tool expenses, and common legal questions, such as Defendants' obligations under California Labor Code. . . . These commonalities are sufficient to satisfy Rule 23(a)(2).").

Third, Rule 23(a)(3) requires that "the claims or defenses of the representative parties be typical of the claims or defenses of the class." Fed. R. Civ.P. 23(a)(3). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992). Here, there is no dispute that the injuries suffered by Plaintiffs are the same as those as the class; namely, they were not properly paid due to their alleged misclassification. This is sufficient for purposes of meeting the typicality requirement. See Dilts, 267 F.R.D. at 633.

Fourth, Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Ellis, 657 F.3d at 985. At this juncture, there is no indication that there is any conflict between Plaintiffs and their

1 counsel. In addition, the record shows that they have been vigorously litigating this case in furtherance of the interests of the class.

Finally, Plaintiffs have sufficiently demonstrated that the action is maintainable under Rule 23(b)(3). This provision requires the Court to find that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." These requirements are called the "predominance" and "superiority" requirements. See Hanlon, 150 F.3d at 1022-23. Courts have found that these requirements are satisfied in wage and hour class actions. See, e.g., Wright v. Linkus Enters., Inc., 259 F.R.D. 468, 473 (E.D. Cal. 2009) (finding predominance, despite minor factual difference between individual class members, where the case involved "alleged policies that required class members to work without compensation, meal and rest periods, and/or reimbursement for expenses"); In re Wells Fargo Home Mortg. Overtime Pay Litig., 527 F. Supp. 2d 1053, 1065-68 (N.D. Cal. 2007) (finding predominance where, as a general matter, the defendant's policy and practice regarding compensation and exemption was uniform for all putative class members); Gardner v. GC Servs., LP, No. 10cv0997-IEG (CAB), 2011 WL 5244378, at *5 (S.D. Cal. Nov. 1, 2011) (finding that Rule 23(b)(3) was satisfied where "the claims stem from GC Services' alleged uniform policy of requiring account representative to perform certain pre-shift, post-shift, and lunch time tasks without compensation . . . .").

In sum, the record is sufficient to support conditional certification of the class under Rule 23(a) and (b)(3).

### C. CLASS NOTICE

Under Rule 23(e), the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e). Under the reasonableness standard, the district court has considerable discretion in directing the form and manner of notice. For the notice to be "reasonable" as required by Rule 23(e), the settlement notice must fairly inform the members of the class of the terms of the proposed

**1** settlement and of the options that are available to them in connection with the proceedings;
**2** the notice must also be capable of being understood by the average class member.  Notice
**3** must generally describe the terms of the settlement in sufficient detail to alert those with
**4** adverse viewpoints to investigate and to come forward and be heard.  <u>Mendoza v. United</u>
**5** <u>States</u>, 623 F.2d 1338, 1352 (9th Cir. 1980).  In order to satisfy due process considerations,
**6** notice must be "reasonably calculated, under all the circumstances, to apprise interested
**7** parties of the pendency of the action and afford them an opportunity to present their
**8** objections."  <u>Silber v. Mabon</u>, 18 F.3d 1449, 1454 (9th Cir. 1994).  Notice by publication
**9** and mail has been found to be "clearly adequate."  <u>Walsh v. Great Atlantic & Pacific Tea</u>
**10** <u>Co.</u>, 726 F.2d 956, 963 (3d Cir. 1983).

**11**     The parties propose mailing notice to the class by first class mail within ten days of
**12** the Court's preliminary approval of the settlement.  The proposed Notice adequately
**13** describes the nature of the action, summarizes the terms of the settlement, identifies the
**14** class and provides instruction on how to opt out, and the fees and expenses that will be paid
**15** to Plaintiffs' counsel and the claims administrator, among others.  However, the Class
**16** Notice does not sufficiently notify class members regarding the procedure for objecting to
**17** the settlement.  The Notice should indicate that objections must be *post-marked* by the
**18** specified deadline, that the objection must state the objector's name and address, specify
**19** the title and case number of this case, and *state the reasons for the objection*.  The Notice
**20** also should state that any objector desiring to be heard at the fairness hearing must
**21** contemporaneously request permission to appear at the hearing, and that the objector will
**22** not be allowed to present any argument or comment at the fairness hearing unless he or she
**23** has timely objected to the settlement and accompanied said objection with a request to
**24** appear.  Plaintiffs' counsel shall modify the class Notice consistent with foregoing.[3]

**25**
**26**

---

**27** [3] In addition, the Court has modified various deadlines associated with the final approval of the settlement.  Plaintiffs shall ensure that these modifications are incorporated
**28** into the Class Notice where appropriate.

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiffs' Motion for Preliminary Approval of Settlement Subclass and Dismissal of Class Allegations is GRANTED, as follows:

1. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court conditionally certifies a subclass comprised of current and former employees of Defendants SFN Group, Inc. and SFN Professional Services, LLC in California during the class period (November 24, 2006 to February 11, 2012), with the job titles of Client Service Representative, Client Service Specialist/Supervisor, Client Service Manager, and similar or equivalent designations as defined in Plaintiffs' First Amended Complaint;

2. The Subclass of all current and former employees of Defendants in California during the class period, with the job titles of Branch Manager, On-Premises Manager, or similar or equivalent designations as defined in Plaintiffs' First Amended Complaint is dismissed without prejudice;

3. Plaintiff McClellan is appointed as class representative;

4. Randall Crane and the Law Offices of Randall Crane are appointed as counsel for the Class;

5. The appointment of CPT Group as the Claims Administrator is approved;

6. By no later than June 14, 2012, Plaintiffs shall submit a revised Class Notice which addresses the Court's concerns, as set forth *supra*. The revised Class Notice shall be redlined and/or highlighted to clearly indicate the modifications to the original proposed Class Notice. In addition, Plaintiffs shall accompany their revised notice with a proposed order approving the same.

7. Within ten days of the date the Court approves the revised Class Notice, the Claims Administrator shall send class notice packets to the class members as provided in the Stipulation of Settlement, consisting of the following: the revised Class Notice approved by the Court, the Award Form, and a Request for Exclusion Form. See Stipulation of Settlement and Release Between Plaintiffs and Defendants, Exs. B and C.

8. The Court orders the following implementation schedule for further proceedings:

| | |
|---|---|
| Defendants provide list name and Last Known Address for each Class Member to the Claims Administrator | 10 days after Court approves revised Class Notice |
| Claims Administrator mails Notices to Class Members | 10 days after receipt by Claims Administrator of list of Class Members from Defendant(s) |
| Plaintiff to file motion for attorneys' fees and costs | 20 days after Class Notice is mailed |
| Deadline for Class Members to Mail Exclusion Forms/Objections | 45 days after Class Notice is mailed |
| Plaintiffs to file motion for final approval (which shall include a section addressing any objections) | 35 days before Final Approval and Fairness Hearing<br><br>DATE: September 4, 2012 |
| Final Settlement and Approval Hearing | **October 16, 2012 at 1:00 p.m.** |

IT IS SO ORDERED.

Dated: June 14, 2012

                                               _Saundra B. Armstrong_
                                               SAUNDRA BROWN ARMSTRONG
                                               United States District Judge