1  LAW OFFICE OF RANDALL CRANE
   RANDALL CRANE, Cal. Bar No. 56806
2  rcrane@crane4law.com
   LEONARD EMMA, Cal. Bar No. 224483
3  lemma@crane4law.com
   180 Grand Ave., Suite 1550
4  Oakland, California  94612
   Telephone:  510-465-4606
5  Facsimile:    510-465-4643

6  Attorneys for Plaintiffs
   KIMBERLY MCCLELLAN and LAURA
7  LOVELESS

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY MCCLELLAN and LAURA LOVELESS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SFN GROUP, INC., SFN PROFESSIONAL SERVICES, LLC, and SPHERION ATLANTIC ENTERPRISES, LLC, all doing business as SPHERION, and SPHERION, a business form unknown, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C10-05972 SBA<br><br>[Former Alameda Superior Court, Case No. RG10548294]<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT OF SUBCLASS AND DISMISSAL OF SUBCLASS ALLEGATIONS; ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD TO NAMED PLAINTIFF; AND ENTRY OF FINAL JUDGMENT**<br><br>Hearing Date:  October 18 ~~16~~, 2012<br>Time: 1:00 p.m.<br>Courtroom: 1 |

[PROPOSED] ORDER GRANTING FINAL APPROVAL

The parties, having filed their Stipulation of Settlement and Release Between Plaintiffs and Defendants ("Settlement") on April 17, 2012, the terms and definitions of which are incorporated in their entirety by this reference, and upon consideration of Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement and Plaintiffs' unopposed Motion for Attorneys' Fees, Costs, and supporting memoranda and declarations (collectively, the "Motions");

The Court having entered an Order Granting Plaintiffs' unopposed Motion for Preliminary Approval (the "Preliminary Approval Order") on June 21, 2012, which:

(a) certified a subclass comprised of current and former employees of Defendants in California during the class period (November 24, 2006 to February 11, 2012), with the job titles of Client Service Representative, Client Service Specialist/Supervisor, Client Service Manager, and similar or equivalent designations as defined in Plaintiffs' First Amended Complaint (the "Settlement Subclass");

(b) dismissed without prejudice the subclass comprised of all current and former employees of Defendants in California during the class period with the job titles of Branch Manager, On-Premises Manager, or similar or equivalent designations as defined in Plaintiffs' First Amended Complaint (the "Dismissed Subclass");

(c) appointed Plaintiff McClellan as Class Representative for the Settlement Subclass;

(d) appointed Randall Crane, Law Offices of Randall Crane, as counsel for the Settlement Subclass;

(e) appointed CPT Group, Inc., as claims administrator;

(f) directed the form and distribution of a notice packet to Settlement Subclass Members; and

(g) ordered an implementation schedule for further proceedings, including scheduling a final approval hearing;

|   |   |
|---|---|
| 1 | The Court having found that the Settlement Subclass received valid, due, and |
| 2 | sufficient notice in conformity with the requirements of Rule 23 of the Federal |
| 3 | Rules of Civil Procedure; |
| 4 | A Final Approval and Fairness Hearing having been held on October 18~~16~~, |
| 5 | 2012, at which all interested persons were given a full opportunity to object to, or be |
| 6 | heard regarding, the Settlement, and the Court having read and fully considered all |
| 7 | submissions made in connection with the proposed Settlement; |
| 8 | IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT: |
| 9 | 1.    The Court has jurisdiction over the litigation and over all parties in the |
| 10 | litigation. |
| 11 | 2.    In accordance with the Court's Preliminary Approval Order, notice was |
| 12 | timely given by mail to all members of the Settlement Subclass who could be |
| 13 | identified and whose addresses could be ascertained with reasonable effort.  The |
| 14 | form and manner of delivery to the Settlement Subclass met the requirements of |
| 15 | Rule 23 and due process, constituted the best notice practicable under the |
| 16 | circumstances, and constituted due and sufficient notice to all members of the |
| 17 | Settlement Subclass. |
| 18 | 3.    The motion for final approval of the Settlement is hereby GRANTED.  The |
| 19 | Court has reviewed the Settlement, the Settlement Amount of $550,000, and all |
| 20 | related terms and conditions, and finds them fair, reasonable, and adequate in all |
| 21 | respects.  The parties to the Settlement are authorized and directed to consummate |
| 22 | the Settlement and to perform under the terms of the Settlement.  The litigation is |
| 23 | dismissed on the merits with prejudice as to Named Plaintiffs and the Settlement |
| 24 | Subclass.  This dismissal shall and does include any and all claims that were |
| 25 | asserted in the Complaint, or are expressly covered by the Settlement. |
| 26 | 4.    The litigation is dismissed without prejudice as to the Dismissed Subclass. |
| 27 | 5.    Named Plaintiffs and each of the Settlement Subclass Members, individually |
| 28 | and on behalf of the Releasees, fully, completely, and finally settle and discharge the |

1  Settled Claims.

2  6.     The Named Plaintiffs and each and every Settlement Subclass Member shall
3  be bound by the Settlement, shall have exclusive recourse to the benefits, rights, and
4  remedies provided by the Settlement regarding the Settled Claims, and shall be
5  barred from prosecuting against Releasees any individual or class claims related to
6  the factual allegations underlying the Settled Claims, including without limitation
7  any claims arising out of the acts, facts, transactions, occurrences, representations,
8  or omissions set forth in this action through the date of the final approval of this
9  settlement upon satisfaction of all payments and obligations hereunder.

10 7.     Defendant shall deposit into an account, through CPT Group, Inc., the
11 Settlement Fund as set forth in the Settlement.

12 8.     CPT Group, Inc., shall pay all claims, and Court-approved attorney's fees,
13 costs, and the payment to Plaintiff McClellan as set forth in the Settlement.

14 10.    The request for incentive awards to Named Plaintiff McClellan, to be paid
15 from the Settlement Amount, is hereby GRANTED in the amount of <u>$5,000</u>
16 <s>$10,000</s>, and shall be distributed in accordance with the terms of the Settlement.

17 11.    For the reasons set forth in Plaintiffs' motion for an award of attorneys' fees
18 and reimbursement of litigation costs, that motion is hereby GRANTED and Class
19 Counsel is awarded <u>$137,500</u> <s>$165,000</s> in attorneys' fees and $10,553.40 in costs,
20 to be paid from the Settlement Amount, and shall be distributed in accordance with
21 the terms of the Settlement.

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

12. The Court reserves jurisdiction over all parties for the purpose of taking any actions as may be necessary to administer, implement, or enforce the Settlement and this Order.  There is no just reason for delay in the entry of this Order Granting Final Approval of Settlement of Subclass and Dismissal of Subclass Allegations; Attorneys' Fees, Costs, and Incentive Award to Named Plaintiff; and Entry of Final Judgment.  The Clerk of the Court <u>shall close the file and terminate the action.</u>

IT IS SO ORDERED.

Dated:  10-26-12

_____
Hon. Saundra Brown Armstrong
United States District Judge